Dennis Hopkins, Esq.
**Perkins Coie LLP**
30 Rockefeller Plaza
New York, NY 10112-0085
Telephone: (212) 262-6916
Facsimile: (212) 977-1646
DHopkins@perkinscoie.com

*Attorneys for Defendant/Counterclaimant*
*Microsoft Corporation*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG THORNER, | No. 3:13-cv-03426-MLC-DEA |
| *Plaintiff,* | **MOTION DATE: DECEMBER 2, 2013** |
| v. | |
| MICROSOFT CORPORATION, | **ORAL ARGUMENT REQUESTED** |
| *Defendant.* | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT** |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................1

I.    INTRODUCTION .................................................................... 2

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ............. 4

    A.   The '941 patent claims a flexible pad with motors ............... 4

    B.   Thorner's complaint includes a claim chart describing his infringement theory ........................................................... 5

    C.   The Federal Circuit has already suggested that plastic controllers are not flexible pads .............................................. 7

    D.   Xbox controllers are not flexible ............................................ 8

III.  LAW ............................................................................................ 9

    A.   Summary judgment is appropriate where there are no disputed issues of material fact as to infringement.............. 9

    B.   "Flexible" pad, as used in the '941 patent, has its plain, ordinary meaning as determined by the Federal Circuit .................................................................................12

IV.   DISCUSSION ...........................................................................13

    A.   Xbox controllers do not meet the flexible pad limitation................................................................................13

        1.   Xbox controllers — themselves — are not "flexible" pads................................................................13

        2.   An internal component, even if flexible, does not make the controllers flexible .................................14

        3.   Thorner cannot prove infringement under the doctrine of equivalents....................................................18

    B.   No genuine issue of material fact precludes summary judgment....................................................................................21

V.    CONCLUSION........................................................................22

TABLE OF AUTHORITIES

Page

### Cases

Adickes v. S.H. Kress & Co.,
  398 U.S. 144 (1970) ...................................................................... 10

Anderson v. Liberty Lobby, Inc.,
  47 U.S. 242 (1986) ...................................................................9, 11

Carroll Touch, Inc. v. Electro Mechanical Sys.,
  15 F.3d 1573 (Fed. Cir. 1993) .................................................... 11

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ...................................................................... 10

Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.,
  93 F.3d 1572 (Fed. Cir. 1996) ...............................................16, 17

Freedman Seating Co. v. Am. Seating Co.,
  420 F.3d 1350 (Fed. Cir. 2005) .........................................18, 19, 20

General Mills, Inc. v. Hunt-Wesson, Inc.,
  103 F.3d 978 (Fed. Cir. 1997) .................................................... 21

Haemonetics Corp. v. Baxter Healthcare Corp.,
  607 F.3d 776 (Fed. Cir. 2010) ...............................................16, 17

In re Buszard,
  504 F.3d 1364 (Fed. Cir. 2007) ............................................. 14, 19

IPXL Holdings, LLC v. Amazon.com, Inc.,
  430 F.3d 1377 (Fed. Cir. 2005) ................................................... 9

Johnston v. IVAC Corp.,
  885 F.2d 1574 (Fed. Cir. 1989) ...................................................22

Lockheed Martin Corp. v. Space Sys./Loral, Inc.,
  324 F.3d 1308 (Fed. Cir. 2003) ................................................... 18

Mannesmann Demag Corp. v. Engineered Metal Products Co.,
  793 F.2d 1279 (Fed. Cir. 1986) ....................................................11

Markman v. Westview Instruments, Inc.,
  52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996) .....11

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
  475 U.S. 574 (1986)........................................................................11

Multiform Desiccants, Inc. v. Medzam Ltd,
  133 F.3d 1473 (Fed. Cir. 1998) ................................................... 12

Novartis Corp. v. Ben Venue Labs., Inc.,
  271 F.3d 1043 (Fed. Cir. 2001)................................................... 10

Phonometrics, Inc. v. Northern Telecom Inc.,
   133 F.3d 1459 (Fed. Cir. 1998) ............................................................... 22
Planet Bingo, LLC v. GameTech Int'l, Inc.,
   472 F.3d 1338 (Fed. Cir. 2006)......................................................... 14, 19
Telemac Cellular Corp. v. Topp Telecom, Inc.,
   247 F.3d 1316 (Fed. Cir. 2001).................................................................. 9
Thorner v. Sony Computer Entm't Am. LLC,
   669 F.3d 1362 (Fed. Cir. 2012) ...................................................... passim
Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,
   520 U.S. 17 (1997) ................................................................................... 18

**Rules**

Fed. R. Civ. P. 56..........................................................................................9, 11

Microsoft respectfully submits this memorandum of law in support of its motion for summary judgment of non-infringement of all claims asserted in this action by Craig Thorner in his amended complaint.[1]

## PRELIMINARY STATEMENT

Thorner asserts one count of patent infringement against Microsoft. Thorner alleges that Microsoft has infringed, literally and/or under the doctrine of equivalents, claims 1 and 3 of U.S. Patent No. 6,422,941 (the "'941 patent") by manufacturing, using, importing, selling and/or offering to sell Microsoft's Xbox console, Xbox 360 console, game controllers, personal computer game interface devices, and video games.

As a matter of law, Microsoft cannot infringe the asserted patent claims because the accused Microsoft products do not meet all of the required elements of the asserted claims. Also, as at least one element of the patent's claims is not present in the accused Microsoft products, Microsoft cannot infringe by the doctrine of equivalents. So, Microsoft is entitled to judgment as a matter of law.

---

[1]   D.I. 4.

## I.   INTRODUCTION

Thorner accuses Microsoft's Xbox video-game controllers and other Microsoft products of infringing the '941 patent. The asserted claims in the '941 patent recite a video-game system with a "flexible pad" with a plurality of actuators attached to the pad. All asserted claims in the '941 patent include this flexible pad limitation. Thorner claims that Microsoft's Xbox controllers are the claimed flexible pad. But as Xbox controllers are not flexible (and are not "pads" for that matter), the accused Microsoft products cannot infringe the asserted claims in the '941 patent as a matter of law.

"Flexible," as used in the '941 patent, has its common, ordinary meaning. Indeed, the Federal Circuit already reviewed and approved this construction of "flexible" in Thorner's previous litigation against Sony. There, the Federal Circuit approved the construction of "flexible" as used in the '941 patent as having its common, ordinary meaning, namely "capable of being flexed" or "semi-rigid." So, the Court need not engage in any claim construction in connection with this motion.

Similarly, there is no genuine issue of material fact precluding summary judgment because Thorner attached claim charts to his

complaint that disclose the fatal flaw in his infringement theory. As the Court can determine from an inspection of the lodged exemplar controllers, Xbox controllers are rigid and inflexible — the polar opposite of the flexible pad required by the '941 patent. Consequently, Thorner does not dispute that the controllers — themselves — are inflexible. Instead, Thorner's position as described in his claim charts is that a motor mount *inside* Microsoft's controllers is flexible, and, therefore, the entire controller is flexible. This is much like saying that because a seat cushion inside an airplane is flexible, the *airplane* is flexible.

So, this case resolves to a question of law for decision by the Court: does a motor mount inside Microsoft's controllers that is inaccessible to a user, and is neither touched nor seen during use, render the *entire* controller "flexible" for purposes of the '941 patent? Put differently, do flexible seat cushions inside airplanes make the airplanes flexible?

While Microsoft recognizes that it is still early in the case, no discovery is required to answer the above pivotal question. Further, that question will need to be answered at some point in this case. The parties spending hundreds of thousands — if not millions — of dollars

in discovery will not bring the Court new or different facts. Early resolution also conserves valuable judicial resources. Because the Court can determine now that a piece of plastic inside of Microsoft's controllers does not make the controllers flexible, Microsoft respectfully requests that the Court enter summary judgment of non-infringement in Microsoft's favor.

## II.    Statement of Undisputed Material Facts

### A.    The '941 patent claims a flexible pad with actuators.

The '941 patent generally relates to a device like a foam seat cushion or a foam vest containing motors — called "actuators" in the patent — that cause vibrations in the flexible pad in response to action in a video game.[2] For example, vibration might occur in response to the player crashing a car or hitting a ball in the video game.[3]

The '941 patent contains seventeen claims, three of which are independent.[4] Thorner asserts independent claim 1 and dependent claim 3 against Microsoft in his amended complaint.[5] Independent claim 1 reads:

---

[2]    *See* '941 patent at Abstract.

[3]    *Id.* at 16:9-18.

[4]    *See* '941 patent at Claims 1, 6, 7.

[5]    D.I. 4 ¶¶ 14-15; D.I. 4, Exh. B (claim chart).

> In a computer or video game system, apparatus for providing, in response to signals generated by said computer or video game system, a tactile sensation to a user of said computer or video game system, said apparatus comprising:
> **a flexible pad**;
> a plurality of actuators attached to said pad, for selectively generating tactile sensation; and
> a control circuit, coupled to said plurality of actuators where said control circuit is responsive to signals that are generated by said computer or video game system, for generating a control signal to control activation of said plurality of actuators, where said signals correspond to action portrayed on said computer or video game system.

The highlighted limitation requiring a "flexible pad" is the focus of this motion. Claim 3 depends from claim 1 and so also includes the flexible pad limitation.

**B.    Thorner's complaint includes a claim chart describing his infringement theory.**

Thorner has already disclosed his infringement theory. Specifically, Thorner attached a claim chart to his amended complaint purporting to show how the Microsoft Xbox controllers infringe the '941 patent.[6] In doing so, Thorner made the claim charts part of the pleadings. As a result, the parties and the Court already know exactly what Thorner's infringement theory is, and also why it fails as a matter of law.

Thorner accuses Microsoft's Xbox controller of constituting the "pad" that the claims of the '941 patent require.[7] In his claim chart,

---

[6]   D.I. 4 ¶ 15; D.I. 4, Exh. B.

[7]   D.I. 4, Exh. B at 1.

Thorner included a picture of an Xbox controller and stated that "game controllers are commonly known as game pads."[8] So, Thorner's position is that the "pad" in the flexible pad limitation is the *entire* controller.

For the "flexible" portion of the limitation, Thorner does not — because he cannot —accuse the Xbox controller itself of being flexible. Instead, Thorner alleges that when one disassembles a controller, small "plastic structures" inside the controller are exposed. According to Thorner, these "plastic structures" — which are actually motor mounts for the motors inside the controller — are "easily flexed."[9] In fact, these motor mounts are not flexible and are instead made of rigid, molded plastic.[10] Thorner's infringement contentions on this "flexible" element are shown in full below:







---

[8]   *Id.*

[9]   *Id.* at 2.

[10]   *See* Hopkins Cert., Exhibit B.

**C.**  **The Federal Circuit has already suggested that plastic controllers are not flexible pads.**

The Federal Circuit, reviewing Thorner's earlier case against Sony in which Thorner asserted the '941 patent, indicated that summary judgment was appropriate.[11] In 2009, Thorner sued Sony for infringing the '941 patent. In that case, Thorner claimed that Sony's video-game controllers satisfied the flexible pad limitation that is the subject of this motion. Chief Judge Brown construed the patent's claims, including the flexible pad limitation. Chief Judge Brown construed "flexible" to mean "capable of being noticeably flexed with ease." The parties stipulated to a judgment of non-infringement based on that construction because the Sony controllers could not be flexed with ease. As reported by the Federal Circuit on appeal in *Thorner v. Sony Computer Entm't Am. LLC*, Chief Judge Brown noted that the "controller was rigid and 'if I tried to flex this thing, I think that you're going to see it snap.'"[12]

Thorner appealed Chief Judge Brown's ruling to the Federal Circuit. There, the Federal Circuit vacated the claim-construction rulings. As it pertains to the flexible pad limitation — which is the limitation at issue here — the Federal Circuit noted that "the specification says only that

---

[11] *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1369 (Fed. Cir. 2012).

[12]    *Id.*

the flexible pad must be a semi-rigid structure."[13] Thus, the Court disagreed with Chief Judge Brown's construction requiring that the device be flexible "with ease" because "with ease" is not part of the common, ordinary meaning of "flexible." The Federal Circuit also strongly indicated that once the district court had properly construed "flexible pad" as carrying its common, ordinary meaning, the district court was free to enter summary judgment based on the fact that the controllers were not flexible. The Federal Circuit stated:

> The task of determining the degree of flexibility, the degree of rigidity that amounts to "semi-rigid," is part of the infringement analysis, not part of the claim construction. The district court is of course free on summary judgment to decide that there is no genuine issue of material fact that the accused products in this case do not meet the plain and ordinary meaning of the term "flexible." We do not mean to suggest that summary judgment is improper in this case, only that claim construction is the wrong venue for this determination.[14]

The case was re-assigned to this Court following claim construction and appeal. The case settled shortly after remand.

## D.    Xbox controllers are not flexible.

So that the Court might see exactly how rigid Microsoft's Xbox controllers are, Microsoft has lodged with the Court exemplars

---

[13]   *Id.* at 941.
[14]   *Id.* at 1369.

representative of the different models of Xbox controllers sold during the '941 patent's lifetime.[15] As an examination of the controllers reveals, the Xbox controllers are not flexible. Also, because Thorner's infringement theory depends on the supposed flexibility of internal motor mounts, Microsoft has lodged a disassembled Xbox controller for the Court's inspection.

## III.   Law

### A.   Summary judgment is appropriate where there are no disputed issues of material fact as to infringement.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[16] As the Supreme Court held in *Anderson v. Liberty Lobby, Inc.*, a fact is material only if a dispute over it "might affect the outcome of the suit under the governing law."[17] A dispute about a material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[18] As the Federal Circuit held in *Telemac Cellular Corp. v. Topp Telecom, Inc.*, summary judgment is appropriate

---

[15]   Exhibits A and B to the Certification of Dennis C. Hopkins, filed herewith.

[16]   *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005).

[17]   477 U.S. 242, 247 (1986).

[18]   *Id.* at 247.

in a patent infringement case "when it is apparent that only one conclusion regarding infringement could be reached by a reasonable jury."[19]

Microsoft, as the moving party, has the initial burden of showing that summary judgment is proper by identifying pleadings, depositions, affidavits, or other evidence that demonstrate the absence of a genuine issue of material fact.[20] In a patent infringement case, "[s]ince the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of non-infringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case."[21]

Once Microsoft makes this initial showing, the burden shifts to Thorner to prove that summary judgment is not appropriate.[22] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

---

[19]   247 F.3d 1316, 1323 (Fed. Cir. 2001).

[20]   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[21]   *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001).

[22]   *Celotex*, 477 U.S. at 324.

judgment; the requirement is that there be no genuine issue of material fact."[23] Also, Thorner cannot rest solely on conclusory allegations.[24] Instead, Rule 56 requires that Thorner "must set forth *specific* facts showing there is a genuine issue for trial." As the Supreme Court stated in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, a genuine issue requires more than "metaphysical doubt."[25]

Determining whether a patent claim has been infringed is a two-step process. As the Federal Circuit held in *Carroll Touch, Inc. v. Electro Mechanical Sys.*, "[f]irst, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process."[26]

The first step — claim construction — is a question of law for the Court.[27] The second step — comparison of the accused device to the properly construed claims — is a question of fact.[28] While the second step is a question of fact, it is appropriate to enter summary judgment where, as here, the nonmoving party can present no evidence from

---

[23]   *Anderson*, 477 U.S. at 247-48.

[24]   *Id.* at 255.

[25]   475 U.S. 574, 586 (1986).

[26]   15 F.3d 1573, 1576 (Fed. Cir. 1993).

[27]   *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

[28]   *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986).

which a rational jury could find infringement. As the Federal Circuit held in *Multiform Desiccants, Inc. v. Medzam Ltd*, "the issue of literal infringement may be resolved with the step of claim construction, for upon correct claim construction it may be apparent whether the accused device is [not] within the claims."[29]

## B.   "Flexible" pad, as used in the '941 patent, has its plain, ordinary meaning as determined by the Federal Circuit.

In the *Sony* case, Thorner contended that "flexible" meant "capable of being flexed,"[30] which is consistent with its plain, ordinary meaning. The Federal Circuit pointed out that the only time "flexible" was used in the specification was in connection with describing a pad as "semi-rigid."[31] The gist of this motion is that Microsoft's Xbox controllers are not semi-rigid and do not meet the plain and ordinary meaning of the term "flexible" — thus, summary judgment of non-infringement in favor of Microsoft is appropriate.

The term "pad" needs no construction in connection with this motion. In his claim chart attached to the amended complaint, Thorner asserts that the controllers are pads, contending "[g]ame controllers are commonly known as game pads."[32] Microsoft believes that its Xbox

---

[29]   133 F.3d 1473, 1476 (Fed. Cir. 1998).

[30]   669 F.3d at 1369.

[31]   *See id.*

[32]   Amended Complaint, Exh. D at 1.

game controllers are not "pads" within the meaning of the '941 patent claims, and reserves the right to contest this issue.[33] But for purposes of this Motion, it makes no difference. Microsoft cannot infringe the asserted claims of the '941 patent because its controllers are not "flexible."

## IV.  DISCUSSION

### A.  Xbox controllers do not meet the flexible pad limitation.

### 1.  Xbox controllers — themselves — are not "flexible" pads.

Xbox controllers are not flexible, and Thorner does not claim otherwise. Indeed, Xbox controllers, like the Sony controllers Chief Judge Brown inspected, are rigid, hard plastic structures that would snap in response to attempts to flex them. As the Federal Circuit found, "[t]he only embodiment in the specification that includes flexible material is the seat cushion 510 shown in Figure 2."[34] Thus, despite both seat cushions and video game controllers being shown in the same Figure 2, the Federal Circuit found that only the "seat cushion 510" is flexible. Notably, the Federal Circuit did not find that "hand-held game

_____

[33] For Example, the other two independent claims of the '941 patent (claims 6 and 7) replace the term "pads" with the term "seat cushions," and Microsoft's game controllers most certainly are not seat cushions or anything of the like.

[34]    *Thorner v. Sony*, 669 F.3d at 1368.

controller 598" — also in Figure 2 — is flexible.[35] Indeed, even without the Federal Circuit's guidance, no reasonable jury could find that a rigid controller, like the Xbox controller, is flexible like a seat cushion.

Microsoft's hard, rigid Xbox controllers are the opposite of flexible, precluding a finding of infringement. As the Federal Circuit held in *Planet Bingo, LLC v. GameTech Int'l, Inc.*, there can be no infringement (either literal or under the doctrine of equivalents) where "the accused device contain[s] the antithesis of the claimed structure."[36] The rigidity of Microsoft's controllers is the *opposite* of that which is expressly required by the claim limitations. Where the pad is required to be flexible, the accused products are instead rigid and inflexible. As the Federal Circuit noted in *In re Buszard*, "it is not a reasonable claim interpretation to equate 'flexible' with 'rigid.'"[37]

## 2.    An internal component, even if flexible, does not make the controllers flexible.

Because it is indisputable that the Xbox controllers themselves are not flexible, Thorner's infringement theory, as set forth in the claim charts attached to the amended complaint, focuses on a component

---

[35]    *See id.*; '941 patent at FIG. 2, 8:17-32.

[36]    472 F.3d 1338, 1345 (Fed. Cir. 2006).

[37]    504 F.3d 1364, 1367 (Fed. Cir. 2007).

inside of the controllers — the motor mount. Thorner claims that because a motor mount inside of the Xbox controllers supposedly can be flexed, the device itself, as a whole, meets the flexible pad limitation. In fact, the motor mounts are not flexible, and while Microsoft reserves the right to demonstrate that fact, it makes no difference to the outcome of this Motion: Summary judgment is appropriate because the claims' unambiguous language require the *pad — itself —* to be flexible, something Thorner has not alleged and cannot show.

The claims' language expressly require that the pad be flexible. Indeed, the claims could not say it more explicitly. The claims recite a "flexible pad." "Flexible" — the adjective — modifies "pad" — the noun. So, the pad — itself — must be flexible, not some minor component inside the pad. In the same way, if the claim language read "tall building," it would be the building that has to be tall, not the building's occupants.

The specification uses the adjective "flexible" in the same, standard English way. The specification's only discussion of "flexible" is in the context of the entire device, not a component inside of the device or a minor part of the device. In discussing the "tactile feedback seating unit," the specification discusses the flexibility of the entire unit, not a component of the unit:

> In FIGS. 27-30, the tactile feedback seating unit 510 is a semi-rigid flexible foam structure, sealed with a cloth or vinyl layer, with a leg portion and a back portion, substantially shaped to easily rest upon any given seat, with a plurality of actuators embedded within the foam structure, such that the actuators in the pad produce localized vibration.[38]

So, the specification, like the claims, is clear that the use of the adjective "flexible" modifies the noun following it, just as it would in standard English. Thus, "flexible" applies to the "foam structure" in the specification, just as "flexible" applies to "pad" in the claims. There is no indication in the specification that the inventor intended any other, non-standard English use of "flexible."

Bedrock Federal Circuit principles require that claims be read to give meaning to all of the words in them. As the Federal Circuit stated in *Haemonetics Corp. v. Baxter Healthcare Corp.*,

> Patent claims function to delineate the precise scope of a claimed invention and to give notice to the public, including potential competitors, of the patentee's right to exclude. This notice function would be undermined, however, if courts construed claims so as to render physical structures and characteristics specifically described in those claims superfluous. As such, we construe claims with an eye toward giving effect to all of their terms.[39]

Similarly, the Federal Circuit held in *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*: "If, as Ethicon argues, 'connected to' should be read

---

[38]  '941 patent at 37:6-12.

[39]  607 F.3d 776, 781 (Fed. Cir. 2010) (citations omitted).

broadly to include elements which are connected directly or indirectly, then this language would read on a lockout mechanism located anywhere in the surgical stapler, and the 'connected to' limitation would be meaninglessly empty."[40]

At bottom, Thorner's infringement theory suffers from the same defects as in *Haemonetics* and *Ethicon*. Thorner's theory essentially reads the word "flexible" out of the limitation. This is evident when one considers that practically every electronic device has at least one wire. Under Thorner's theory, the presence of a single wire inside an electronic device makes the entire device flexible. As such, it is difficult to imagine what electronic device would not be flexible. And so, under Thorner's logic, "flexible" is essentially a non-term in the '941 patent, as it carries no meaning. Put differently, if Thorner is right, then any and all electronic devices with flexible wires inside regardless of their casings — from hardened steel to carbon fiber to titanium — are flexible. That cannot be right.

In short, "flexible pad" means exactly what it says: a pad that is flexible. Because Thorner does not contend that the Xbox controllers — the "pads" in Thorner's theory — are flexible, summary judgment is appropriate.

---

[40]   93 F.3d 1572, 1578 (Fed. Cir. 1996).

### 3.     Thorner cannot prove infringement under the doctrine of equivalents

As demonstrated above, Thorner cannot prove direct infringement. Similarly, he cannot prove infringement under the doctrine of equivalents. The "all elements" or "all limitation" rule holds that "an accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent."[41] The rule "requires that equivalence be assessed on a limitation-by-limitation basis, as opposed to from the perspective of the invention as a whole."[42] As the Supreme Court has instructed, "[i]t is important to ensure that the application of the doctrine [of equivalents], even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety."[43] Thus, "if a theory of equivalence would entirely vitiate a particular claim element," summary judgment of non-infringement "should be granted."[44]

---

[41]   *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005).

[42]   *Id.*

[43]   *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997).

[44]   *Id.* at 39 n.8; *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003).

Any argument that a rigid, hard plastic structure could be the equivalent of a flexible structure is more than a stretch.[45] Rather, a rigid, hard plastic structure is the antithesis of flexible. Courts properly refuse to apply the doctrine of equivalents "where the accused device contain[s] the antithesis of the claimed structure."[46] The doctrine of equivalents is especially narrow when the invention involves "relatively simple and well-known technologies," particularly when the item alleged to be an equivalent in litigation was something known at the time of the invention.[47] For example, in *Freedman*, the inventors claimed a "slidably mounted" four bar mechanism despite admitting in deposition that they were "aware of other types of four bar mechanisms."[48] The Federal Circuit found that the inventors "chose to specifically limit the claims" to only one of the mechanisms known at the time and "[m]embers of the public were therefore justified in relying on this specific language in assessing the bounds of the claim."[49]

---

[45] *See Buszard*, 504 F.3d at 1367 ("it is not a reasonable claim interpretation to equate 'flexible' with 'rigid'")

[46] *Planet Bingo*, 472 F.3d at 1345 (holding "predetermined" is the antithesis of determining after the event).

[47] *Freedman*, 420 F.3d at 1362.

[48] *Id.*

[49] *Id.*

Here, there can be no dispute that Thorner was aware of actuators, such as motors, in video game controllers because the specification expressly describes a "hand-held game controller" with actuators.[50] Thorner also was aware of flexible components inside of a video game controller. For instance, figure 38D shows flexible wires 460, 465, and 466 as components of the controller.[51] Nonetheless, the inventors chose to specifically limit the claims to a "flexible pad," rather than a flexible component within a pad, such as a motor mount. Thus, if the inventors had intended to claim a flexible component of a pad, they would have done so. Just as in *Freedman*, because the inventor was aware of an alternative technology at the time of the invention, yet chose not to claim it, the doctrine of equivalents is not available.

Indeed, the prior *Thorner v. Sony* case should be dispositive on this issue because despite the specification describing an alternative embodiment of a video-game controller, the Federal Circuit already expressly found that "[t]he only embodiment in the specification that includes flexible material is the seat cushion 510 shown in Figure 2."[52] Thus, the inventors neither described nor claimed a flexible actuator

---

[50]   *See, e.g.*, '941 Patent at 43:17-35, 8:32, Figs. 2 & 38.

[51]   *Id.* at Fig. 38D, 31:33-34 (defining element 460 as a "power distribution wire"), 32:44-45 (defining elements 460, 465, 466 as "power distribution cables"), 43:42.

[52]   *Sony*, 669 F.3d at 1368.

mount. The claims of the '941 patent are clearly drawn to an entire game pad structure that is flexible, not simply a component. With respect to Microsoft's Xbox controllers, that element is missing and the doctrine of equivalents cannot be used now to claim what was clearly never claimed or intended to be claimed by the patent.

**B.     No genuine issue of material fact precludes summary judgment.**

No disputed facts preclude summary judgment. The only question the Court needs to answer is whether a component inside of the Xbox controller, if such component was flexible, can render the entire controller "flexible" within the meaning of the flexible pad limitation. This is not a fact question; it is a question of law, and a legion of cases have found that summary judgment is appropriate in scenarios like the one presented here.

For instance, the Federal Circuit in *General Mills, Inc. v. Hunt-Wesson, Inc.* faced a similar set of circumstances and held that "[w]here the parties do not dispute any relevant facts regarding the accused product . . . but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment."[53]

---

[53]   103 F.3d 978, 983 (Fed. Cir. 1997).

Similarly, in *Phonometrics, Inc. v. Northern Telecom Inc.*, the Federal Circuit held that disputing the scope of claims does not create a sufficient dispute to deny a motion for summary judgment: "[a] good faith dispute about the meaning and scope of asserted claims does not, in and of itself, create a genuine dispute to preclude summary judgment in patent cases."[54] The Federal Circuit pronounced the same holding in *Johnston v. IVAC Corp.*: "Thus, a mere dispute over the meaning of a term does not itself create an issue of fact."[55]

Simply put, the Court — not the jury — will make the ultimate decision about whether Xbox controllers are "flexible" because a component inside of them is supposedly flexible. There is no reason not to make that decision now.

## V.   CONCLUSION

There are no disputed genuine issues of material fact in this case that would preclude summary judgment. Thorner's position is that motor mounts inside of the Xbox controllers render the entire Xbox controllers flexible for purposes of the flexible pad limitation. This is wrong as a matter of law, and so, summary judgment is appropriate.

---

[54]   133 F.3d 1459, 1463 (Fed. Cir. 1998).
[55]   885 F.2d 1574, 1579 (Fed. Cir. 1989).

Microsoft respectfully requests that the Court enter summary judgment of non-infringement in its favor.

DATED:  October  29, 2013

Respectfully submitted,

PERKINS COIE LLP

By:  /s/ *Dennis Hopkins*

Dennis Hopkins
DHopkins@perkinscoie.com
30 Rockefeller Plaza
New York, New York 10112
(212) 262-6900

*Attorneys for*
*Defendant/Counterclaimant*
*Microsoft Corporation*